OPINION
On January 15, 1997, the Stark County Grand Jury indicted appellant, Angela Harper, on one count of grand theft of a motor vehicle in violation of R.C. 2913.02 and one count of theft in violation of R.C. 2913.02. On March 3, 1997, appellant pled guilty as charged. By judgment entry filed April 11, 1997, the trial court sentenced appellant to three years of community control sanctions.
On February 19, 1998, probation officer John Jundzilo filed a motion to revoke appellant's community control sanctions for appellant's failure to follow the trial court's orders. A hearing was held on March 30, 1998. By judgment entry filed April 6, 1998, the trial court revoked appellant's community control sanctions and sentenced appellant to two consecutive terms for a total term of two and one half years.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN SENTENCING APPELLANT TO THE MAXIMUM POSSIBLE SENTENCE.
 I
Appellant claims the trial court erred in not stating on the record its reasons for imposing consecutive sentences when the sentence imposed was for the longest term. We agree.
R.C. 2929.19 governs sentencing hearings. Subsection (B)(5) specifically states at sentencing for a community controlled sanction, an offender is to be notified of what term will be imposed if he/she violates the sanction:
 (5) If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated or the condition imposed under division (C)(1)(b) of Section 2951.02 of the Revised Code, if imposed, is violated, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to Section 2929.14 of the Revised Code.
In its judgment entry filed April 11, 1997, the trial court listed the various punishments for violating a sanction, including a possible sentence:
 Violation of any condition of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of up to eighteen (18) months on Count One, Grand Theft of a Motor Vehicle and up to twelve (12) months on Count Two, Theft, to be served consecutively.[1]
At the revocation hearing, the trial court explained its reasons for terminating the community control sanctions and imposing the sentences:
 THE COURT: Miss Harper, as you recall when you came in front of me back in February or so last hear I was very, very hesitant in granting you probation to begin with, in April.
 I know that I told you then that if you committed any violation no matter how minor that I would revoke.
 In fact, I even offered you a less serious offense sentence, but you decided that you would roll the dice on going for probation and your history has shown that you have never been able to go more than a year without doing anything wrong. Why you decided to try was beyond my comprehension, but you did.
 The Court is going to find that your conviction of soliciting for prostitution is a violation of the conditions of probation, primarily the condition indicating that you are to obey all the laws which is Condition No. 1, obey Federal, State, and local laws and order any —
T. at 22-23.
We do not find appellant's failure to file an appeal from the April 11, 1997 judgment entry to be error because there was no imposition or execution of sentence until after the hearing on March 30, 1998.[2]
Although the trial court states on the record its reasons for sentencing appellant to two maximum consecutive sentences, we find it does not conform to the specific requirements of R.C.2929.14(C) and R.C. 2929.19(B)(2)(c) and (d).
The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed and remanded.
By Farmer, P.J., Reader, J. and Wise, J. concur.
[1] No appeal was taken from this entry.
[2] Under R.C. 2929.15(B), a trial court may give credit for community control time and shorten the sentence at the time of revocation of the community control sanction.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and remanded to said court for sentencing according to R.C. 2929.14(C) and R.C. 2929.19(B)(2)(c) (d).